O

# United States District Court
# Central District of California

TANESIA TRAMELL,

　　　　　Plaintiff,

　　v.

SANTANDER CONSUMER USA INC. et al.,

　　　　　Defendants.

Case № 2:25-cv-10902-ODW (KSx)

**ORDER DENYING MOTION TO REMAND [26]**

## I.　　INTRODUCTION

Plaintiff Tanesia Tramell, proceeding pro se, filed this action in state court against Defendants Santander Consumer USA Inc.; Patrick K. Willis Company, Inc. d/b/a American Recovery Service ("ARS"); and American First Asset Recovery Services Inc. ("AFARSI"). (Notice Removal ("NOR") Ex. A ("Compl."), Dkt. No. 1.) Defendants removed the action to this Court based on federal question jurisdiction under 28 U.S.C. § 1331. (NOR 1, Dkt. No. 1.) Tramell now moves to remand the case on the grounds that the Court lacks subject matter jurisdiction and that Defendants' removal was procedurally defective. (Mot. Remand ("Motion" or "Mot."), Dkt. No. 26.) For the following reasons, the Court **DENIES** the Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.    BACKGROUND

Tramell entered into a financing contract with House of Imports to purchase a 2017 Mercedes-Benz GLC300.  (Compl. ¶ 25.)  Around 2019, House of Imports assigned Tramell's contract to Santander. (*Id.*)  On or about April 23, 2023, Santander internally charged off Tramell's account, removing it from its active portfolio, but continued to attempt collection and enforcement activities as if the account remained active.  (*Id.* ¶ 26.)  On or about August 6, 2023, Santander ordered the repossession of Tramell's vehicle. (*Id.* ¶ 27.)  Santander engaged ARS to coordinate the repossession. (*Id.* ¶ 30.)  In turn, ARS subcontracted the physical repossession to AFARSI.  (*Id.*)  AFARSI agents subsequently entered Tramell's private residential property without consent or judicial authorization and seized her vehicle.  (*Id.* ¶ 31.)

On October 14, 2025, Tramell filed this action in state court against Defendants, asserting fourteen state law claims and one federal claim under the Fair Debt Collection Practices Act ("FDCPA").  (*See id.* ¶¶ 73–190.)  On November 13, 2025, Defendants removed the action to this Court based on federal question jurisdiction arising from Tramell's FDCPA claim.  (NOR 2.)  On March 19, 2026, Tramell moved to remand, arguing that the Court lacks subject matter jurisdiction and that removal was procedurally defective.  (Mot 1–2.)

## III.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute.  U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a party may remove a civil action brought in a state court to a district court only if the plaintiff could have originally filed the action in federal court.  Federal district courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizens (i.e., diversity is "complete"), and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332(a).

There is a strong presumption that a court is without jurisdiction until affirmatively proven otherwise. *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970); *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). When a case is removed from state court, the removing party bears the burden of demonstrating that removal is proper. *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017). Removal for lack of jurisdiction under § 1332(a) is strictly construed, and any doubt as to removal is to be resolved in favor of remand. *Id.* at 773–74.

## IV.    DISCUSSION

Tramell moves to remand this action on two grounds: (1) Tramell's FDCPA claim does not present a federal question, and (2) Defendants' removal contains procedural defects. (Mot. 2.)

## A.    Federal Question Jurisdiction

Tramell argues that the Court lacks subject matter jurisdiction over this action. (*Id.* at 4.) The parties agree that no basis for diversity jurisdiction exists. (*Id.*; NOR 1–2.) However, they disagree over whether the Court has subject matter jurisdiction based on a federal question. (NOR 2; Mot. 4.)

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil claims "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Given that the plaintiff controls which claims to plead, the "well-pleaded complaint" rule makes the plaintiff the "master of the complaint." *Id.* at 398–99.

Here, Tramell alleges that Defendants violated the FDCPA. (Compl. ¶¶ 186–90.) The FDCPA is a federal statute. *See* 15 U.S.C. § 1692 *et seq.* Thus, Tramell's

claim arises under the laws of the United States. *See Scott v. Middleman*, No. 2:25-cv-03107-SVW (AGRx), 2025 WL 1605299, at *1 (C.D. Cal. May 2, 2025) (construing a small claims complaint seeking FDCPA statutory damages as asserting a federal claim sufficient to confer federal question jurisdiction). Accordingly, this Court has subject matter jurisdiction based on a federal question.

Tramell argues that no federal question jurisdiction exists because her FDCPA claim is incidental to her state law claims. (Mot. 4.) However, this argument does not lead to a different result. A plaintiff's characterization of FDCPA claims as "minor" does not defeat federal question jurisdiction where the plaintiff expressly "elected to include those federal question claims" in her complaint. *Sung Yoon v. State Farm Mut. Auto. Ins. Co.*, No. 2:19-cv-03811-PA (JPRx), 2019 WL 2109644, at *2 (C.D. Cal. May 13, 2019). As the master of her complaint, Tramell "controls much about her suit." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025). Tramell determines "which substantive claims to bring," and in doing so, establishes the basis for a federal court's jurisdiction. *Id.* She may choose to plead federal law claims, including potentially being required to litigate in a federal forum, or she may choose to plead only state law claims and attempt to secure a state forum. *Id.* Here, Tramell expressly pleads a federal FDCPA claim. (Compl. ¶¶ 186–90.) Accordingly, Tramell's FDCPA claim presents a federal question and properly invokes this Court's federal question jurisdiction.

**B.    Procedural Defects in Removal**

Tramell next argues that Defendants' removal was procedurally defective because Defendants failed to obtain valid unanimous consent for removal and violated the forum defendant rule. (Mot. 3.)

As an initial matter, Tramell has waived any objections she might have had to Defendants' removal process. Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect in removal procedure must be made within [thirty] days after the filing of the notice of removal." The purpose of this time limit is "to

4

resolve the choice of forum at the early stages of litigation," and therefore it is strictly construed. *N. Cal. Dist. Council of Labs. v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995). If a party fails to object within the specified deadline, the party waives the defect. 28 U.S.C. § 1447(c); *see In re Edward Jones Holders Litig.*, 453 F. Supp. 2d 1210, 1212–13 (C.D. Cal. 2006) (holding that all objections to procedural defects in the removal were waived where plaintiffs' motion to remand was untimely by two days).

Here, Tramell has waived all her objections to any procedural defects in Defendants' removal. Defendants filed the Notice of Removal on November 13, 2025. (NOR.) Tramell had thirty days from that date to raise any objections. She did not raise such objections until January 12, 2026, as part of this Motion. (*See generally* Mot.) Even accepting that Defendants' alleged invalid consent and noncompliance with the forum defendant rule qualify as procedural defects, Tramell failed to timely raise them within the thirty-day deadline and has thus waived them.

As the Court finds that Tramell has waived all objections to any procedural deficiencies in Defendants' removal process, the Court declines to consider Tramell's arguments that Defendants' removal violated both the unanimity rule and the forum defendant rule. (Mot. 3.) In any event, both arguments fail on the merits. First, Defendants' Notice of Removal unequivocally states that all Defendants consented to the removal, and the Notice of Removal also bears the signature of Santander's attorney of record. (NOR 3–4.) Thus, Defendants' removal complied with the unanimity rule. Second, the forum defendant rule applies only when a case is removed based on diversity jurisdiction. 28 U.S.C. § 1441(b)(2); *see Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) (stating that the forum defendant rule "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state"). As noted above, Defendants removed this action based on federal question jurisdiction. (NOR 1–2.) Therefore, the forum defendant rule does not apply, and Tramell's argument to the contrary fails.

In sum, the Court concludes that it has subject matter jurisdiction over this action based on federal question jurisdiction and that Tramell has failed to preserve her right to challenge the removal on the basis of procedural defects.

## V.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Tramell's Motion to Remand.  (Dkt. No. 26.)

**IT IS SO ORDERED.**

April 15, 2026

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**